JINA L. CHOI (N.Y. Bar No. 2699718)
SUSAN F. LaMARCA (Cal. Bar No. 215231)
 lamarcas@sec.gov
AARON ARNZEN (Cal. Bar No. 218272)
 arnzena@sec.gov
VICTOR HONG (Cal. Bar No. 165938)
 hongv@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

DANIEL M. HAWKE (Admitted to D.C. Bar)
701 Market Street
Philadelphia, Pennsylvania 19106

JOSEPH G. SANSONE (Admitted to N.Y. Bar)
3 World Financial Center, Suite 400
New York, New York 10281

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. C-14-02743 |
| Plaintiff, | |
| v. | |
| SALEEM KHAN, AMMAR AKBARI, ROSHANLAL CHAGANLAL and RANJAN MENDONSA | **CONSENT OF RELIEF DEFENDANT SHAHID KHAN** |
| Defendants, | |
| and | |
| SHAHID KHAN and MICHAEL KOZA, | |
| Relief Defendants. | |

1. Relief defendant Shahid Khan ("Relief Defendant") waives service of a summons and a Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over him and over the subject matter of this action.

2. Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which Relief Defendant admits), Relief Defendant hereby consents to the entry of a Final Order in the form attached hereto (the "Final Order") and incorporated by reference herein, which, among other things, orders Relief Defendant to pay $240,740.79 ("the Funds"), which Relief Defendant represents to be all of the proceeds from the securities trading of Saleem Khan in Relief Defendant's possession, custody or control. The Funds, together with any accrued interest and income thereon, shall be applied toward the payment of any disgorgement, prejudgment interest or civil penalty if ultimately ordered against Defendant Saleem Khan. Relief Defendant shall satisfy this obligation within fourteen (14) calendar days of the entry of the Final Order by paying the Funds to the Clerk of the Court.

3. Upon entry of the Final Order, Relief Defendant hereby and forever disclaims, waives and forfeits any and all rights, claims and/or interest he has, or may have, to the Funds and/or any interest or income earned thereon.

4. Relief Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Relief Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Order.

6. Relief Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce him to enter into this Consent.

7. Relief Defendant agrees that this Consent shall be incorporated into the Final Order with the same force and effect as if fully set forth therein.

8. Relief Defendant agrees that he will not oppose the enforcement of the Final Order on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, waives any objection based thereon.

9. Relief Defendant waives service of the Final Order and agrees that entry of the Final Order by the Court and filing with the Clerk of the Court will constitute notice to Relief Defendant of its terms and conditions. Relief Defendant further agrees to provide counsel for the Commission, within thirty (30) calendar days after the Final Order is filed with the Clerk of the Court, with an affidavit or declaration stating that he has received and read a copy of the Final Order.

10. Consistent with 17 C.F.R. 202.5(f), this Consent resolves all of the matter set forth in the Final Order in this civil proceeding as against Relief Defendant. Relief Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Relief Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.

11. Relief Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. Relief Defendant agrees not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis. Nothing in this paragraph affects Relief Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Relief Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Relief Defendant to defend against this matter. For these purposes, Relief Defendant

1 agrees that he is not the prevailing party in this matter since the parties have reached a good faith
2 settlement as described in the Final Order.

3     13.     Relief Defendant agrees that the Commission may present the Final Order to the Court
4 for signature and entry without further notice.

5     14.     In connection with this action and any related judicial or administrative proceeding or
6 investigation commenced by the Commission or to which the Commission is a party, Relief
7 Defendant (i) will accept service by mail, e-mail or facsimile transmission of notices or subpoenas
8 issued by the Commission for documents or testimony at depositions, hearings or trials, or in
9 connection with any related investigation by Commission staff; (ii) appoints Relief Defendant's
10 undersigned attorney as agent to receive service of such notices and subpoenas; (iii) with respect to
11 such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the
12 Federal Rules of Civil Procedure and any applicable local rules; and (iv) consents to personal
13 jurisdiction over Relief Defendant in any United States District Court for purposes of enforcing any
14 such subpoena.

15     15.     Relief Defendant agrees that this Court shall retain jurisdiction over this matter for the
16 purpose of enforcing the terms of the Final Order.

20 Dated: March 8, 2014

                                                           Shahid Khan

22 Approved as to form:

24 Randy Sue Pollock
25 LAW OFFICE OF RANDY SUE POLLOCK
26 3824 Grand Avenue, Suite 120
Oakland, CA 94610
27 Tel.: 510-763-9967
rsp@spollocklaw.com
28 Attorney for Relief Defendant
Shahid Khan

CONSENT OF REL. DEF. SHAHID KHAN     3     CASE NO. C-_____

1 | Submitted by:

*/s/ Susan F. LaMarca*

Susan F. LaMarca
Victor Hong
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street
Suite 2800
San Francisco, CA 94104
Tel.: 415-705-2500
lamarcas@sec.gov
hongv@sec.gov

CONSENT OF REL. DEF. SHAHID KHAN     4     CASE NO. C-_____

JINA L. CHOI (N.Y. Bar No. 2699718)
SUSAN F. LaMARCA (Cal. Bar No. 215231)
 lamarcas@sec.gov
AARON ARNZEN (Cal. Bar No. 218272)
 arnzena@sec.gov
VICTOR HONG (Cal. Bar No. 165938)
 hongv@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

DANIEL M. HAWKE (Admitted to D.C. Bar)
701 Market Street
Philadelphia, Pennsylvania 19106

JOSEPH G. SANSONE (Admitted to N.Y. Bar)
3 World Financial Center, Suite 400
New York, New York 10281

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. C-14-02743 |
| Plaintiff, | |
| v. | **[PROPOSED] FINAL ORDER AS TO RELIEF DEFENDANT SHAHID KHAN** |
| SALEEM KHAN, AMMAR AKBARI, ROSHANLAL CHAGANLAL and RANJAN MENDONSA | |
| Defendants, | |
| and | |
| SHAHID KHAN and MICHAEL KOZA, | |
| Relief Defendants. | |

1  Plaintiff Securities and Exchange Commission ("Commission"), having filed a Complaint in
2 this matter, and relief defendant Shahid Khan ("Relief Defendant"), having entered a general
3 appearance and executed a Consent of Relief Defendant Shahid Khan to Entry of Final Order
4 ("Consent"), in which among other things, Relief Defendant consented to the Court's jurisdiction
5 over him and the subject matter of this action; consented to entry of this Final Order without
6 admitting or denying the allegations in the Complaint (except as to jurisdiction, which Relief
7 Defendant admits); waived findings of fact and conclusions of law; and waived any right to appeal
8 from this Final Order:

9  I.

10  IT IS HEREBY ORDERED THAT Relief Defendant shall pay $240,740.79 ("the Funds").
11 The Commission contends the Funds to be a portion of the ill-gotten gains from unlawful securities
12 trading by Defendant Saleem Khan, which are subject to the Commission's claims against Defendant
13 Saleem Khan for disgorgement (and pre-judgment interest thereon) and civil penalties. Relief
14 Defendant shall satisfy this obligation by paying the Funds within fourteen (14) calendar days from
15 entry of this Final Order to the Clerk of this Court, together with a cover letter identifying Relief
16 Defendant as a relief defendant in this action; setting forth the title and civil action number of this
17 action and name of this Court; and specifying that payment is made pursuant to this Final Order.
18 Relief Defendant shall simultaneously transmit photocopies of such payment and letter to Jina Choi,
19 Regional Director, Securities and Exchange Commission, 44 Montgomery Street, Suite 2800, San
20 Francisco, CA 94104. By making this payment, Relief Defendant relinquishes all legal and equitable
21 right, title and interest in such Funds and/or any accrued interest and income thereon, and no part of
22 the Funds or any accrued interest or income thereon, and no part of the Funds and/or any accrued
23 interest or income thereon shall be returned to Relief Defendant. Relief Defendant shall pay post-
24 judgment interest on any delinquent amounts not paid in accordance within fourteen (14) calendar
25 days from entry of this Final Order, pursuant to the calculation prescribed for post-judgment interest
26 in 28 U.S.C. § 1961. The Funds, together with any accrued interest and income thereon, shall be
27 applied toward the payment of any disgorgement, prejudgment interest, or civil penalty, if ultimately
28 ordered against Defendant Saleem Khan.

II.

IT IS FURTHER ORDERED that the Clerk of the Court shall deposit the Funds paid by Relief Defendant into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. The Funds, together with any interest and income earned thereon, shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

III.

IT IS FURTHER ORDERED that the Consent is incorporated herein with the same force and effect as if fully set forth herein and that Relief Defendant shall comply with all of the undertakings and agreements set forth therein.

IV.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Order.

Date: __7/22__, 2014

_____
UNITED STATES DISTRICT JUDGE

IT IS SO ORDERED
Judge Edward M. Chen

1 | Approved as to form:
2 |
3 | */s/ Randy Sue Pollock*
4 | Randy Sue Pollock
  | LAW OFFICE OF RANDY SUE POLLOCK
  | 3824 Grand Avenue, Suite 120
5 | Oakland, CA 94610
  | Tel.: 510-763-9967
6 | rsp@rspollocklaw.com
  | Attorney for Relief Defendant
7 | Shahid Khan

10 | Submitted by:

12 | */s/ Susan F. LaMarca*
13 | Susan F. LaMarca
  | Victor Hong
14 | Attorneys for Plaintiff
  | SECURITIES AND EXCHANGE COMMISSION
15 | 44 Montgomery Street
  | Suite 2800
16 | San Francisco, CA 94104
  | Tel.: 415-705-2500
17 | lamarcas@sec.gov
  | hongv@sec.gov