JINA L. CHOI (N.Y. Bar No. 2699718)
SUSAN F. LaMARCA (Cal. Bar No. 215231)
  lamarcas@sec.gov
E. BARRETT ATWOOD (Cal. Bar No. 291181)
  atwoode@sec.gov
VICTOR HONG (Cal. Bar No. 165938)
  hongv@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, California 94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SALEEM KHAN, et al.,<br><br>　　　　Defendants. | Case No. 3:14-CV-02743-HSG<br><br>FINAL JUDGMENT AS TO DEFENDANT RANJAN MENDONSA |

The Securities and Exchange Commission having filed a Complaint and Defendant Ranjan Mendonsa having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph IV); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)  to employ any device, scheme, or artifice to defraud;

(b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEARBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $296,500, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $21,375, and a civil

1 penalty in the amount of $296,500 pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1].

2 Defendant shall satisfy this obligation by paying $614,375 to the Securities and Exchange

3 Commission pursuant to the terms of the payment schedule set forth in paragraph III below after

4 entry of this Final Judgment.

5 Defendant may transmit payment electronically to the Commission, which will provide

6 detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a

7 bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.

8 Defendant may also pay by certified check, bank cashier's check, or United States postal money

9 order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

10 Enterprise Services Center
   Accounts Receivable Branch
11 6500 South MacArthur Boulevard
   Oklahoma City, OK 73169
12

13 and shall be accompanied by a letter identifying the case title, civil action number, and name of this

14 Court; Ranjan Mendonsa as a defendant in this action; and specifying that payment is made pursuant

15 to this Final Judgment.

16 Defendant shall simultaneously transmit photocopies of evidence of payment and case

17 identifying information to the Commission's counsel in this action.  By making this payment,

18 Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the

19 funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this

20 Final Judgment to the United States Treasury.

21 The Commission may enforce the Court's judgment for disgorgement and prejudgment

22 interest by moving for civil contempt (and/or through other collection procedures authorized by law)

23 at any time after 14 days following entry of this Final Judgment.  Defendant shall pay post judgment

24 interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

25 III.

26 Defendant Mendonsa shall pay the total of disgorgement, prejudgment interest, and penalty

27 due of $614,375 in seven (7) installments to the Commission according to the following

28 schedule:  (1) $122,875.00 within 14 days of entry of this Final Judgment; (2) $81,916.67 within 194

days of entry of this Final Judgment; (3) $81,916.67 within 374 days of entry of this Final Judgment; (4) $81,916.67 within 554 days of entry of this Final Judgment; (5) $81,916.67 within 734 days of entry of this Final Judgment; (6) $81,916.67 within 914 days of entry of this Final Judgment; and (7) $81,916.65 within 1094 days of entry of this Final Judgment.  Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment.  Prior to making the final payment set forth herein, Defendant Mendonsa shall contact the staff of the Commission for the amount due for the final payment.

If Defendant Mendonsa fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Mendonsa of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

### V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: September 28, 2015

_____
UNITED STATES DISTRICT JUDGE

SEC v. Khan, et al.  
Case No. 14-CV-02743-HSG

-5-

FINAL JUDGMENT AS TO DEFENDANT MENDONSA