UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br><br>   v.<br><br>SALEEM M. KHAN, et al.,<br><br>       Defendants. | Case No.  14-cv-02743-HSG<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 117 |

On June 16, 2016, Plaintiff Securities and Exchange Commission filed an administrative motion for leave to file Defendant Roshanlal Chaganlal's earnings statement under seal. Dkt. No. 117. No opposition has been filed, and the time to do so has passed. *See* Civ. L.R. 7-11. For the reasons articulated below, the Court GRANTS the motion.

**I.   LEGAL STANDARD**

Courts apply a "compelling reasons" standard when considering motions to seal documents like the ones at issue here. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* "[A] 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178-79 (citations, internal quotation marks, and alterations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,'

1  such as the use of records to gratify private spite, promote public scandal, circulate libelous
2  statements, or release trade secrets." *Id.* at 1179 (citing *Nixon*, 435 U.S. at 598). The Court must
3  "balance the competing interests of the public and the party who seeks to keep certain judicial
4  records secret. After considering these interests, if the court decides to seal certain judicial
5  records, it must base its decision on a compelling reason and articulate the factual basis for its
6  ruling, without relying on hypothesis or conjecture." *Id.* (internal quotation marks omitted).

7  Civil Local Rule 79-5 further supplements the compelling reasons standard. The party
8  seeking to file a document or portions of it under seal must "establish[ ] that the document, or
9  portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection
10 under the law. . . . The request must be narrowly tailored to seek sealing only of sealable
11 material." Civil L.R. 79-5(b).

## II. DISCUSSION

Having considered Plaintiff's request to seal and the Margaret Keane declaration in support of Plaintiff's motion to seal, the Court finds that Defendant Chaganlal's earnings statement contains sealable information, such as sensitive personally identifying information and confidential financial information. The Court concludes that there are compelling reasons to file this document under seal to prevent any harm or prejudice by the disclosure of such communications.

Accordingly, the Court GRANTS Plaintiff's administrative motion to seal.

**IT IS SO ORDERED.**

Dated: June 21, 2016

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge