JINA L. CHOI (N.Y. Bar No. 2699718)
SUSAN F. LaMARCA (Cal. Bar No. 215231)
  lamarcas@sec.gov
E. BARRETT ATWOOD (Cal. Bar No. 291181)
  atwoode@sec.gov
WADE RHYNE (Cal. Bar No. 216799)
  rhynew@sec.gov
VICTOR HONG (Cal. Bar No. 165938)
  hongv@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, California 94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 3:14-CV-02743-HSG (DMR) |
| Plaintiff, | FINAL JUDGMENT AS TO DEFENDANT SALEEM KHAN |
| vs. | |
| SALEEM KHAN, et al., | |
| Defendants. | |

1   The Securities and Exchange Commission having filed a Complaint and Defendant Saleem

2   Khan ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over

3   Defendant and the subject matter of this action; consented to entry of this Final Judgment without

4   admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of

5   fact and conclusions of law; and waived any right to appeal from this Final Judgment:

6                                              I.

7       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently

8   restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities

9   Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated

10  thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or

11  of the mails, or of any facility of any national securities exchange, in connection with the purchase or

12  sale of any security:

13      (a)     to employ any device, scheme, or artifice to defraud;

14      (b)     to make any untrue statement of a material fact or to omit to state a material fact

15              necessary in order to make the statements made, in the light of the circumstances

16              under which they were made, not misleading; or

17      (c)     to engage in any act, practice, or course of business which operates or would

18              operate as a fraud or deceit upon any person.

19      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal

20  Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive

21  actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers,

22  agents, servants, employees, and attorneys; and (b) other persons in active concert or participation

23  with Defendant or with anyone described in (a).

24                                             II.

25      IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is

26  liable for disgorgement of $7,493,000, representing profits gained as a result of the conduct alleged in

27  the Complaint, together with prejudgment interest thereon in the amount of $846,147, and a civil

28  penalty in the amount of $7,493,000 pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-

1]. Defendant shall satisfy this obligation by paying $15,832,147 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Saleem Khan as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities

laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).  Nothing in this Final Judgment, including this paragraph, affects Defendant's rights under the Fifth Amendment in any proceeding, regardless whether the Commission is a party.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  September 21, 2016

Hon. Haywood S. Gilliam, Jr.
UNITED STATES DISTRICT JUDGE